IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN INNERS, | NO. 1:12-CV-1701 |
| v. | JUDGE KANE |
| KEYSTONE HUMAN SERVICES OF LANCASTER | MAGISTRATE JUDGE ARBUCKLE |

REPORT AND RECOMMENDATION
ON MOTION TO DISMISS
(Doc. 4)

Plaintiff, Joan Inners, individually and in her capacity as representative of JoAnn Wampler, filed a complaint against Keystone Human Services of Lancaster ("Keystone") on August 24, 2012. (Doc. 1). The complaint alleges one cause of action, to wit, breach of fiduciary duty under ERISA, 29 U.S.C. §1132 (a)(3)(B).

Before the court is Keystone's motion to dismiss (Doc. 4).[1] The motion has been referred to the undersigned for a report and recommendation, and is now ripe for disposition.[2]

---

[1] Keystone filed a motion to dismiss and supporting brief on September 20, 2012 (Doc. 4). Inners filed a brief in opposition to the motion on October 4, 2012 (Doc. 6), to which Keystone filed a reply brief on October 18, 2012. (Doc. 8).

[2] On May 14, 2013, this matter was referred to the undersigned for disposition. (Doc. 10)

# FINDINGS AND RECOMMENDATIONS

## I. Background

For purposes of the motion to dismiss, Inners' factual averments will be accepted as true. For over 40 years, Inners was the life partner of JoAnn Wampler. (Doc. 1 ¶ 3). Wampler was employed by the defendant at the time of her death (*Id.* ¶ 4). As a benefit of employment, Wampler had purchased a group life insurance policy through Prudential Insurance Company of America. (*Id.* ¶ 5). The policy's beneficiary designation form named Inners as the beneficiary of Wampler's policy. (*Id.* ¶ 6).

Following Wampler's death on February 4, 2011, Inners notified Prudential to request a claim form. (*Id.* ¶ 7). By correspondence dated March 15, 2011, Prudential indicated that its records did not include a named beneficiary for Wampler's policy. (*Id.* ¶ 8). Inners avers she began working for Keystone at approximately the same time as Wampler, she was present when Wampler completed her beneficiary designation form, and that she (Inners) completed her own beneficiary designation form at the same time. (*Id.* ¶ 9). Inners further states both she and Wampler turned the forms over to the HR department of Keystone. (*Id.*).

Inners also contends that Keystone moved its facility approximately three (3) years earlier and that during that move, various records, including Wampler's beneficiary designation form, were destroyed. (*Id*. ¶ 12). The complaint asserts that Keystone, as the employer and provider of the group life insurance benefits offered to Wampler, stands in a fiduciary capacity to plan participants. (*Id*. ¶ 16). It asserts further that Keystone breached its fiduciary duty by recklessly, intentionally and/or carelessly destroying important beneficiary designation forms maintained on its premises and by failing to communicate this destruction to plan participants. (*Id*. ¶¶ 17, 19).

Inners seeks damages of $58,000.00 plus attorney's fees and costs.

## II. Issue Presented

Keystone seeks dismissal of the complaint on the following grounds:

A.  Inners cannot maintain a claim for breach of fiduciary duty where the conduct alleged, to wit, Keystone's failure to maintain the beneficiary designation form, is not fiduciary in nature.

B.  Inners has failed to state a cause of action under ERISA for an individual recovery of compensatory damages.

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. When considering a motion to dismiss, the court must "accept all [of plaintiff's] factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). *See also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1322–23 (2011).

The complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011)(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Although F.R.C.P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must do more than present "bald assertions" and "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's

elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly*, 550 U.S. at 545 (citations omitted). Plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* at 570. s*ee also Phillips,* 515 F.3d at 232.

A plaintiff "armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting F.R.C.P. 8(a)(2)) (alteration in original).

The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 557–58).

The Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "'plausible claim for relief.'" *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 679). That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. *Id.* at 211.

**IV. Discussion**

*A. Is the conduct alleged by Keystone fiduciary in nature?*

The Supreme Court has held that a claim for breach of fiduciary duty is cognizable under the ERISA scheme. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)("A participant or beneficiary may also bring a cause of action for breach of fiduciary duty."). A claim for breach of fiduciary duty requires a plaintiff to prove that (a) the defendant was an ERISA fiduciary; (b) the defendant breached an ERISA-imposed duty; and (c) such breach caused a loss. *Leckey v. Stefano*, 501 F.3d 212, 225–26 (3d Cir. 2007). Specific statutory duties imposed on ERISA fiduciaries include, as relevant to this case,

providing benefits to participants and their beneficiaries; and duties of prudence and diligence. *See* 29 U.S.C. §§ 1104(a), 1106(a)-(b).

Keystone first asserts that a claim for breach of fiduciary duty has not been stated because the conduct alleged, that it failed to maintain copies of beneficiary designation forms, is not fiduciary in nature. "In every case charging breach of ERISA fiduciary duty . . . the threshold question is . . . whether [the defendant] was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000).[3]

ERISA defines fiduciary "in functional terms of control and authority over the plan." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (citing 29 U.S.C. § 1002(21)(A)) (emphasis in original). Under Section 1002(21)(A) of ERISA, an entity is a "fiduciary" with respect to an employee welfare benefit plan to the extent it "exercises any discretionary authority or discretionary control respecting management of such plan or exercises

---

[3] "Determining whether a defendant is an ERISA fiduciary is a question of law when there are no disputes of fact regarding the defendant's actions." *Edmonson v. Lincoln Nat. Life Ins. Co.*, No. 10-4919, 2012 WL 368367, *6 (E.D. Pa. Feb. 3, 2012) [citing *Srein v. Frankford Trust Co.*, 323 F.3d 214, 220 (3d Cir. 2003) (holding that determination of fiduciary status was a question of law when parties disputed whether defendant's actions and plan agreements bestowed fiduciary status on defendant, but not the factual findings regarding those actions and agreements)]. For purposes of the motion to dismiss, where all Inners' factual averments are accepted as true, Keystone does not contest the allegations of the complaint.

any authority or control respecting management or disposition of its assets," or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). As a general matter, because Congress intended for ERISA to provide broad protection of retirement benefits, the term "fiduciary" is broadly construed. *John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 96, 114 S.Ct. 517, 126 L.Ed.2d 524 (1993).

The Third Circuit has emphasized that "the linchpin of fiduciary status under ERISA is discretion." *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir.1994). Fiduciary obligations do not attach to non-discretionary, "purely ministerial functions" involved in administration or management of a plan. *Edmonson v. Lincoln Nat. Life Ins. Co.*, 777 F.Supp.2d 869, 885 (E.D.Pa. 2011). If a defendant performs mostly ministerial or administrative tasks, such as claims processing and calculation, it likely will not be found to constitute a fiduciary under ERISA. *Glen Ridge Surgicenter, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.,* No. 08-6160, 2009 WL 3233427, *5 (D.N.J. Sept. 30, 2009). The Department of Labor regulations provide an extensive list of "purely ministerial functions" that do not confer fiduciary status on the actor. 29 C.F.R. § 2509.75–8. Included in the list of purely ministerial tasks is "[p]reparation of employee

communications material" and "[m]aintenance of participants' service and employment records." *Id.*

Keystone contends that the conduct alleged neither involves the exercise of any discretionary authority or control regarding the management of the plan or disposition of its assets, nor does it concern the discretionary authority or responsibility in the administration of the plan. Rather, it submits that the alleged failure to maintain copies of beneficiary designation forms is ministerial, not fiduciary, in nature. Indeed, maintaining copies of forms designating a beneficiary to an insurance plan cannot reasonably be viewed as discretionary as it relates to plan management, the management or disposition of assets or the administration of the plan. Instead, such tasks are purely ministerial. *See Trelease v. Metropolitan Life Ins. Co.*, No. 07-3841, 2008 WL 4117258, *7 (D.N.J. Aug. 29, 2008) ("Performing ministerial tasks such as record keeping does not qualify someone as a fiduciary under ERISA.") (citing *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 39 (3d Cir.1991) ["Since discretionary authority, responsibility or control is a prerequisite to fiduciary status, it follows that persons who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles.")].

Having failed to allege fiduciary conduct by Keystone, a breach of fiduciary duty under ERISA has not been stated. The motion to dismiss should be granted on this issue.

*B. Has Inners stated a cause of action under ERISA?*

Keystone challenges Inner's claim, contending that §1109 fails to recognize the right of an individual to bring a cause of action for breach of fiduciary duty. Section 1109 provides:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a). It is well settled that recovery under §1109 inures to the plan, not the individual. *Leckey,* 501 F.3d at 226 [citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985); *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002)]; *see also Varity Corp. V. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065 (1996) (citation omitted). Thus, because recovery under §1109 is intended for the plan as a whole, not an individual, even if Inners were able to state a claim for breach of fiduciary duty, she could only bring a claim pursuant to §1109 on behalf of the

plan, not against the plan. *Miller v. Mellon Long Term Disability Plan*, 721 F.Supp.2d 415, 427 (W.D. Pa. 2010).

Inners asserts, however, that she does not bring her claim under §1109 but rather §132(a)(3) of ERISA, which authorizes a plan participant, beneficiary, or fiduciary to bring suit in federal court "to enjoin any act or practice which violates ... the terms of the plan" or "to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce ... the terms of the plan." 29 U.S.C. § 1132(a)(3). Recovery under § 1132(a)(3) is limited to "those categories of relief that were typically available in equity," such as injunctive remedies and equitable restitution. *Knudson*, 534 U.S. at 210-16; *see also Thomas v. Town of Hammonton*, 351 F.3d 108, 115 (3d Cir. 2002). A plaintiff cannot obtain traditional forms of legal redress under § 1132(a)(3), including compensatory damages for breach of contract or fiduciary duty. *See Knudson*, 534 U.S. at 210 ("A claim for money due and owing under a contract is quintessentially an action at law." (citation omitted)); *Mertens,* 508 U.S. at 256–58 (holding that compensatory damages are not recoverable under ERISA); *Santasania v. Union Travel Trades Benefit Funds of Cent. Pa.*, No. 3:01-CV-1442, 2003 WL 256778, at *3 (M.D. Pa. Feb.4, 2003) ("[A] beneficiary's claim for insurance money she claimed she would have

received if not for fiduciary's breach of duty was a claim for legal relief, which *Knudson* forecloses.").

Inasmuch as the complaint seeks judgment in the sum of $58,000 "representing the full benefit amount of the policy" plus attorneys fees and costs, the relief sought is not equitable in nature. Consequently, the complaint fails to state a claim under §1132(a)(3) and the motion to dismiss should be granted.   The Plaintiff, in her response to the Motion to Dismiss, seeks the right to amend her complaint if the Motion is granted.  I would not deny that request.

## V. Recommendation

For the foregoing reasons, it is recommended that the motion to dismiss (Doc. 4) be granted without prejudice to the Plaintiff's right to amend her complaint.

Filed: September 9, 2013.

> *s/ William I. Arbuckle III*
> WILLIAM I. ARBUCKLE III
> UNITED STATES MAGISTRATE JUDGE

# NOTICE of REPORT & RECOMMENDATION

NOTICE IS HEREBY GIVEN that the Magistrate Judge has entered the foregoing Report and Recommendation.

Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> **Any party may object** to a magistrate judge's pro osed [sic] findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within fourteen (14) days after being served** with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. **The briefing requirements set forth in Local Rule 72.2 shall apply**. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions. M.D.Pa. LR 72.3 (2010). (emphasis added).

Signed on September 9, 2013.

    *s/ William I. Arbuckle III*
    WILLIAM I. ARBUCKLE III
    UNITED STATES MAGISTRATE JUDGE